```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

KEVIN FENNICK,                  )
     Plaintiff,                 )
                                )
          v.                    )
                                )     CIVIL ACTION NO. 16-10957-PBS
                                )
ROBERTO ALLESANDRO, ET AL.,     )
     Defendants.                )
```

**MEMORANDUM AND ORDER**
June 10, 2016

SARIS, C.D.J.

### I.   INTRODUCTION

On May 25, 2016, plaintiff Kevin Fennick ("Fennick"), a resident of Boston, Massachusetts, filed a self-prepared complaint against his landlord, Robert Allesandro, and the resident property manager, Liston Callwood.  Fennick alleges that there is an on-going issue that he has brought to the Boston Housing Court ("BHC") on several occasions; however, the BHC has rejected his case notwithstanding that Inspectional Services has found numerous housing violations.

The matter appears to stem from poor conditions of the apartment building along with complaints about other tenants disturbing the peace by playing of loud music, partying into the early morning hours, fighting, and arguing.  He also complains that the tenants above his apartment have caused flooding, which, in turn, has caused his ceiling to collapse many times, damaging his personal property.  With respect to defendant Callwood, Fennick contends that he "appears to be using the tenants to conduct an action of disturbing the peace to annoy in hope of

1

getting my family and myself to move out." Compl. at ¶ 3. Fennick further claims that the defendant Callwood is "placing barrows [sic] into a parking space that he uses and despite having been warned by Inspectional Services . . . ." Id. at ¶ 4.

Next, with respect to his landlord, Fennick contends he has threatened to evict him if he continued to contact "members of the Commonwealth of Massachusetts." Id.

Along with the complaint, Fennick filed a Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) and an *ex parte* "First Amending Emergency Motion of Probable Cause" (Docket No. 2).

On June 3, 2016, Fennick filed a motion entitled "Emergency Motion to Amend Mirna Leonardo and a State Polygraph for Defendants Mirna Leonardo Liston Callwood All in Compliance To the Rules US Federal Court" (Docket No. 5). In that motion, Fennick alleges he seeks emergency relief based on discrimination (national origin), harassment, disturbing the peace and gross negligence by the defendants. He notes that a separate complaint has been filed with the Fair Housing Commission and the Boston Housing for Inspectional Services. He further claims that Inspectional Services has taken defendant Allesandro to Housing Court. He again alleges that his landlord has threatened to evict him and to charge him with trespassing should he make any further reports to anyone in state government. He also alleges that defendant Callwood does not like black people. Additionally, Fennick complains about the problems caused by

trash bags near the premises, as well as other adverse conditions that have not been rectified.  Further, he claims that the manager (Callwood) threatened to call the Mayor's office about him, probably to have him evicted since his landlord was unable to do so.  Fennick asks this Court to conduct a polygraph test before summoning the defendants to a hearing.

On June 6, 2016, Fennick filed an "Emergency Motion to Amend Suzanne Caravaggio and Margaret Rubino" (Docket No. 8).  In that motion, Fennick claims he has filed a complaint against three defendants: Robert Allesandro, Liston Callwood, and Mirna Leonardo and now seeks to amend the complaint to include claims against Suzanne Caravaggio and Margaret Rubino from the Law Office of Rananelli and Kittredge.  He alleges that the defendants were involved in a civil conspiracy that involved discrimination, fraud, negligence, trespassing on-line, and a cover-up.

## II. DISCUSSION

A. <u>The Pre-Filing Injunction Is Not Applicable To This Action</u>

Fennick is an enjoined litigant in this Court because he has filed a number of frivolous and/or vexatious lawsuits.  See <u>Fennick v. Kittredge, et al.</u>, Civil Action No. 12-10866-DPW; <u>Fennick v. Judge Sanders, et al.</u>, Civil Action No. 09-10377-MLW; and <u>Fennick v. Newbury Jr. College, et al.</u>, Civil Action No. 06-10240-WGY.  In brief, the pre-filing injunction prohibits Fennick from filing any further pleadings *pro se*, seeking to assert claims against Trooper Staco, the state courts, state

3

judges or any other parties that relate to his claims against Trooper Staco.  Further, Fennick is prohibited from asserting claims of criminal or civil conspiracy, treason, or any other claims against the Commonwealth of Massachusetts (including its agencies or instrumentalities, or its employees or state judges), or against the United States, United States Congressmen, the United States House of Representatives, the FBI, or other federal employees, including federal judges, unless his submission is accompanied by an affidavit of a duly-licensed attorney averring that the pleading contains a claim upon which relief may be granted, is not barred by claim preclusion, and is not repetitive of prior lawsuits filed by Fennick.

In this case, Fennick has submitted copies of the orders enjoining him, presumably in an effort to obtain this Court's permission to file his complaint against his landlord and property manager.

This Court determines that the claims made in this action are not related to his prior lawsuits or fall within the purview of the pre-filing injunction.  Thus, the filing of this action is permitted.

B.    The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Fennick's financial disclosures, this Court finds that he lacks sufficient funds to pay the filing and administrative fees of the Court.  Accordingly, his Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is ALLOWED.

C.  Screening of the Complaint

Because Fennick is plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

In addition to the statutory screening requirements under § 1915, this Court has an independent obligation to inquire, *sua sponte*, into its own subject matter jurisdiction. McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3). Because Fennick is proceeding *pro se*, this Court liberally construes his complaint. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972). Even under a liberal construction, however, this action is subject to dismissal for the reasons set forth below.

D.  Failure to Comply With Rule 8

As a threshold matter, Fennick's complaint fails to comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) requires a plaintiff to include in the complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005). It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004)(quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)). "In a civil rights action as in any other action . . . , the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why." Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).

In this case, Fennick sets forth a number of alleged wrongdoings of the defendants and others, but fails to provide the requisite underlying factual information in support such that the two defendants are given fair notice of the claims against them and the legal causes of action. The sum total of the defendants is unclear. Further, by asserting his claims collectively against the defendants, he fails to comply with Rule 8. See Bagheri v. Galligan, 160 Fed. Appx. 4, 5, 2005 WL 3536555, *1 (1st Cir. 2005)(unpublished decision finding complaint deficient because, *inter alia*, it failed to state clearly which defendant or defendants committed each of the alleged wrongful acts; "[the district court's requirement of an amended complaint] to remedy this deficiency did not demand more than the minimum necessary to satisfy notice pleading standards."). See also Atuahene v. City of Hartford, 10 Fed.

Appx. 33, *34, 2001 WL 604902, *1 (2nd Cir. 2001)(unpublished decision, stating "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy this minimum standard....").

Further, Fennick's amorphous claims of civil conspiracy by the defendants are conclusory in nature and fail to satisfy Rule 8.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Chiang v. Skeirik, 582 F.3d 238, 244 (1st Cir. 2009)(citations omitted). "A civil rights conspiracy as commonly defined is 'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damages.' " Williams v. City of Boston, 771 F. Supp. 2d 190, 204 (D. Mass. 2011)(quoting Estate of Bennett v. Wainwright, 548 F.3d 155, 178 (1st Cir. 2008) quoting Earle v. Benoit, 850 F.2d 836, 844 (1st Cir. 1988)(subsequent history omitted).  In order for Fennick to state plausible conspiracy claims, he must allege: "(1) an agreement between two or more state actors ... (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Williams, 771 F. Supp. 2d at 204. Additionally, allegations of a conspiracy under 42 U.S.C. 1983 "must ... be supported by material facts, not merely conclusory

statements." Id. Slotnick v. Garfinkle, 632 F.2d 163, 165 (1st Cir. 1980).

Finally, although Fennick makes a vague reference to discrimination and Fair Housing, he has not set forth plausible claims in this regard, and this Court will not fashion any on his behalf. See McDonald v. Hall, 610 F.2d 16 (1st Cir. 1979)(court is not required to "conjure up unpled allegations," despite the duty to be less stringent with *pro se* complaints).

In light of these pleading deficiencies, this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Concomitantly, this action is subject to dismissal for lack of subject matter jurisdiction, for the reasons set forth below.

E.   Lack of Subject Matter Jurisdiction

In order for this Court to review Fennick's claims, it must either have: (1) federal question jurisdiction; or (2) diversity subject-matter jurisdiction. See 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1332 (diversity jurisdiction).

1.   Lack of Diversity Jurisdiction

To the extent that Fennick brings this action pursuant to 28 U.S.C. § 1332, this Court lacks diversity jurisdiction over any state-law landlord-tenant claims and claims of harassment, negligence, or fraud.  District courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332(a). Diversity must be complete: the citizenship of each plaintiff

must be shown to be diverse from that of each defendant. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

Here, there is nothing presented in Fennick's filings from which complete diversity of citizenship could be found. He is a resident (and presumed citizen) of Massachusetts, and alleges that the defendant Callwood is a resident manager of the building in which Fennick lives (and, presumably, is a citizen of Massachusetts as well). No reference is made as to the citizenship of his landlord or the other purported defendants he seeks to include. Additionally, there are no indications that the amount in controversy exceeds $75,000.00.

In light of the above, this Court cannot find diversity jurisdiction exists.

2.  Lack of Federal Question Jurisdiction

Next, federal district courts have original jurisdiction over "federal question" cases, that is, civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998). Generally, a claim arises under federal law within the meaning of Section 1331 if a federal cause of action emerges from the face of a well-pleaded complaint. See City of Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997). The well-pleaded complaint rule restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of the plaintiff's complaint. Viqueira, 140 F.3d at 17.

As noted above, Fennick makes reference to discrimination and Fair Housing; however, these references are general and conclusory and do not serve to set forth federal questions within the four corners of the complaint.  Moreover, there are no federal constitutional implications under 42 U.S.C. § 1983 here where the defendants appear to be acting wholly as private citizens.  Thus, because there does not appear to be any legally cognizable federal claim presented, this Court lacks federal question jurisdiction under 28 U.S.C. § 1331.  Absent an independent basis for this Court's subject matter jurisdiction, Fennick's state law claims also are subject to dismissal without prejudice to filing in another forum if he is able to do so.  See Ramos-Echevarria v. Pichis, Inc., 659 F.3d 182, 191 (1st Cir. 2011)(providing that the "district court has considerable authority whether to exercise [supplemental jurisdiction], considering factors such as judicial economy, convenience, fairness to litigants, and comity.")(brackets added); Martinez v. Colon, 54 F.3d 980, 990 (1st Cir. 1995)(affirming dismissal without prejudice of pendent claims when the district court determined "far in advance of trial that no legitimate federal question existed").

F.   Abstention Principals May Bar Claims

Fennick has alleged that the matters against his landlord and property manager have been raised in the Boston Housing Court on several occasions.  The status of the state litigation is unclear; however, it appears that Fennick is attempting to bring

10

a parallel action in this Court.  If so, this Court should abstain from interfering with housing court proceedings.

Under Younger v. Harris, 401 U.S. 37, 46 (1971) and its progeny, the Supreme Court broadened the abstention doctrine to protect principles of federalism and comity by preventing the federal courts from interfering substantially with certain ongoing state judicial proceedings.  Younger v. Harris, 401 U.S. at 46; In re Justices of the Superior Court, 218 F.3d 11, 16 (1st Cir. 2000).  Younger abstention is required when: (1) a state proceeding is pending; (2) the state proceeding involves important state interests; (3) the state proceeding affords an adequate opportunity to raise the federal constitutional issue; and (4) the plaintiff in the federal case has not demonstrated bad faith, harassment, or any other unusual circumstances that would call for equitable relief.  S. Boston Allied War Veterans' Council v. Zobel, 830 F. Supp. 643, 649 (D. Mass. 1993).

Here, there appears to be an ongoing state judicial proceeding that relates to this case and implicates a significant state interest.  Moreover, there is no reason to infer that, to the extent Fennick asserts federal claims, they cannot be adequately litigated in the current state court proceedings.

Next, under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976) and its progeny, there are six nonexclusive factors to be considered in deciding whether a federal court may stay federal proceedings or refrain from exercising its jurisdiction when there are parallel state court

proceedings.  The First Circuit has articulated those factors as follows: (1) whether either court has assumed jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law controls; and (6) whether the state forum will adequately protect the interests of the parties.  <u>Rivera-Puig v. Garcia-Rosario</u>, 983 F.2d 311, 320-21 (1st Cir. 1992).  At this stage, this Court cannot find that these factors do not apply here.

Similarly, if the state cases have concluded, this Court lacks jurisdiction to consider matters decided by the state court, under the <u>Rooker Feldman</u> doctrine.  The <u>Rooker-Feldman</u> doctrine precludes a federal action if the relief requested in that action would effectively reverse a state court decision or void its holding or if the plaintiff's claims are "inextricably intertwined" with the state court's decision.  <u>See</u> <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923) and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

In this action, because there is a lack of underlying information concerning Fennick's state court litigation, this Court cannot make a final determination as to its jurisdiction and thus will afford him an opportunity to address the issues noted above.

G.   <u>Order to Show Cause and File an Amended Complaint</u>

For all the reasons set forth above, this action shall be

dismissed within 35 days of the date of this Memorandum and Order unless Fennick files a written show cause response demonstrating the subject matter jurisdiction of this Court and why this Court should not abstain from reviewing this case.  As part of the show cause response, Fennick must set forth each related case filed in the Boston Housing Court or other state court, including the case name, docket number, the parties involved, the causes of action asserted and the status of each case.

Further, within the same 35-day period, Fennick shall file an amended complaint setting forth his claims in accordance with Rule 8 of the Federal Rules of Civil Procedure.

No summonses shall issue pending further Order of the Court and failure to comply with these directives will result in a dismissal of this action.

H.   The First Amending Emergency Motion of Probable Cause

Fennick's First Amending Emergency Motion of Probable Cause ("Motion of Probable Cause") is not entirely coherent and contains many extraneous and immaterial statements.  He reiterates his problem with the tenant noise and his ceiling collapses.  He also indicates that he has complained to Inspectional Services and to the Fair Housing Commission ("FHC") as well as the Massachusetts Commission Against Discrimination ("MCAD"), but MCAD turned the matter over to the FHC a year ago and the investigation has not yet been completed.  He contends

his complaint is for "harassment, annoyance and discrimination."[1] Motion of Probable Cause (Docket No. 2 at ¶ 3).  He further contends all tenants have tried many times to get Fennick and his family to move out.  For example, he points to an all-white construction crew who had worked on the street and left four large bags of trash on the sidewalk.  He claims that defendant Callwood stated that it was not the construction crew who left the trash bags, but it was black people who left the trash there.  Fennick believes the only reason he has problems with defendant Callwood is because he is a man who does not like his own race and does not like African Americans.

Next, Fennick states that he chose to file suit in this Court because of the seriousness of his problems and the reasons for his treatment.  The remaining portions of his motion detail daily grievances with his neighbors and the defendants, but Fennick does not specify any particular relief sought by his motion.

In light of this, and because Fennick has failed to state any plausible claims demonstrating the subject matter jurisdiction of this Court, his Motion for Probable Cause (Docket No. 2) is <u>DENIED</u>.

---

[1] Fennick seems to allege his family has been treated in a discriminatory fashion because his grandfather is half West Indian and not wholly African American.  Motion for Probable Cause (Docket No. 2 at ¶ 1).

I.  <u>The Emergency Motion For a State Polygraph and the Emergency Motion to Amend</u>

In view of the matters addressed in this Memorandum and Order, Fennick's "Emergency Motion to Amend Mirna Leonardo and a State Polygraph for Defendants Mirna Leonardo Liston Callwood All in Compliance To the Rules US Federal Court" (Docket No. 5) and his "Emergency Motion to Amend Suzanne Caravaggio and Margaret Rubino" (Docket No. 8) are <u>DENIED</u>.

### III. CONCLUSION

Based on the foregoing, it is hereby ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3)is <u>ALLOWED</u>;

2. Plaintiff's Motion for Probable Cause (Docket No. 2) is <u>DENIED</u>;

3. Plaintiff's "Emergency Motion to Amend Mirna Leonardo and a State Polygraph for Defendants Mirna Leonardo Liston Callwood All in Compliance To the Rules US Federal Court" (Docket No. 5) is <u>DENIED</u>;

4. Plaintiff's "Emergency Motion to Amend Suzanne Caravaggio and Margaret Rubino" (Docket No. 8) is <u>DENIED</u>;

5. Within 35 days of the date of this Memorandum and Order plaintiff shall demonstrate good cause in writing why this action should not be dismissed for lack of subject matter jurisdiction.  He shall include in his response a statement of each related case filed in the state courts; and

6. Within 35 days of the date of this Memorandum and Order plaintiff shall file an amended complaint that sets forth plausible claims upon which relief may be granted in accordance with Rule 8 of the Federal Rules of Civil Procedure.

SO ORDERED.                    /s/ Patti B. Saris
                               CHIEF, UNITED STATES DISTRICT JUDGE