```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

KEVIN FENNICK,                 )
     Plaintiff,                )
                               )
          v.                   )
                               )     CIVIL ACTION NO. 16-10957-PBS
                               )
ROBERTO ALLESANDRO, ET AL.,    )
     Defendants.               )
```

**MEMORANDUM AND ORDER**
June 29, 2016

SARIS, C.D.J.

### I. INTRODUCTION

On June 10, 2016, this Court issued a Memorandum and Order (Docket No. 9) denying plaintiff Kevin Fennick's ("Fennick") emergency motions and motion to amend complaint (Docket Nos. 2, 5, and 8). Fennick was directed to demonstrate good cause in writing why this action should not be dismissed for lack of subject matter jurisdiction. He also was directed to include a statement of each related case in the Boston Housing Court or other state court. Finally, he was directed to file an amended complaint that set forth plausible claims upon which relief may be granted, in accordance with Rule 8 of the Federal Rules of Civil Procedure.

On June 15, 2016, Fennick filed an Emergency Motion to Amend Complaint (Docket No. 11) and a Second Amended Complaint (Docket NO. 12). On June 16, 2016, Fennick filed a Final Amended Complaint (Docket No. 13). On June 17, 2016, Fennick filed a document entitled "Conditions of Gross Negligence/Third Amending Final Complaint as Ordered in Compliance to the Rules of the U.S.

1

District Court" (Docket No. 14).

## II.   DISCUSSION

A.   <u>The Emergency Motion to Amend Complaint</u>

In his Emergency Motion to Amend Complaint (Docket No. 11), Fennick seeks to add as defendants Patricio Colon and Esmirna Leonardo.  He again alleges poor housing conditions and states this is an ongoing problem.  While unclear, it appears these two individuals were tenants who lived in the apartment above Fennick.  He alleges that they loudly stomped on the floor (directly above his ceiling), causing his closet doors to open and windows to vibrate.  Fennick claims that defendant Callwood appointed these two individuals to disrupt his tenancy, in violation of his human rights.

The Court <u>DENIES</u> Fennick's Emergency Motion to Amend.  He has failed to set forth claims in accordance with Rule 8, and failed to state *bona fide* civil rights claims against private individuals.  Further, this motion is denied for the reasons set forth below.

B.   <u>The Second Amended Complaint</u>

In Fennick's Second Amended Complaint (Docket No. 12), he presents a chronology of problems with his landlord and residential manager, again making substantially the same allegations in his prior pleadings.  He seeks 60 days to demonstrate good cause why his complaint should not be dismissed.

The Court will not consider Fennick's Second Amended Complaint as the operative pleading in this action, as it does

not comply with Rule 8 and as it has been superseded by Fennick's later filings.  Fennick's request for additional time to show cause is <u>DENIED</u> since this action is being dismissed for the reasons set forth below.

C.  <u>The Final Amended Complaint</u>

In the Final Amended Complaint (Docket No. 13), Fennick appears to be attempting to show cause regarding his claims for discrimination.  He states, however, "I found the issue of discrimination circumstantial but filed an amending complaint of Gross Negligence and Managerial negligence of Liston Call Wood and Robert Allesandro."  Fin. Am. Compl. (Docket No. 13 at ¶ 1).

Next, Fennick alleges that his constitutional rights were violated in connection with his various federal lawsuit in this Court filed against Trooper Staco, Judge Kenneth Fishman, Newbury College, Judge Sanders, Attorney Joseph Kittredge and Margaret Rubino.  Perhaps Fennick is attempting to comply with this Court's directives in the prior Memorandum and Order to list all related cases; however, it appears that Fennick has misunderstood this Court's directives.  He has listed his <u>federal</u> cases and set forth his allegations in those cases but he has not listed his related state court cases in the Boston Housing Court or other state court as directed.  The Memorandum and Order expressly directed Fennick to set forth the name, docket number, the parties involved, the causes of action asserted, and the status of each state case, and he has failed to do so.

In light of the above, Fennick's Final Amended Complaint

3

will not be considered by this Court as the operative pleading in this action, as it also does not comply with Rule 8 and as it has been superseded by Fennick's later filing.

D.  The Conditions of Gross Negligence/Third Amended Complaint

Finally, in Fennick's Conditions of Gross Negligence/Third Amended Complaint (Docket No. 14), he appears to be withdrawing his claims based on discrimination, stating: "I remove the complaint for inability to prove the argument.  The discriminatory [sic] is circumstantial however I enter my claims stating facts as discovered by Inspectional Services."  Id. at 1 (preface).  Fennick then lists his cause of action as: (1) gross negligence (based on maggots and other problems discovered by Inspectional Services); (2) managerial negligence against defendant Liston Callwood (based on illegal parking space saving);(3) disturbing the peace/lack of quiet enjoyment; (4) harassment; and (5) disorderly conduct of tenants (based on the failure to evict or remedy issues).  Id. at ¶¶ 1-5.

In light of Fennick's statements that his discrimination claims are "circumstantial" and in light of his apparent withdrawal of his discrimination claims in favor of asserting state law claims of negligence, harassment, etc., this Court finds that Fennick has failed to demonstrate the subject matter jurisdiction of this Court, as set forth in detail in the prior Memorandum and Order (Docket No. 9).

Fennick has attempted to file a number of amendments, *ad seriatim*, in response to the prior Memorandum and Order.  At this

juncture, the Court considers that it would be an exercise in futility to permit Fennick further opportunities to demonstrate good cause or to file any further amended complaints.  There is no doubt at this time that Fennick's claims are based on landlord-tenant disputes, management-tenant disputes, and/or tenant-tenant disputes.  There simply is no federal question presented nor is there complete diversity of citizenship.  In short, Fennick's claims do not belong in this Court.

Accordingly, for the reasons set forth in the Memorandum and Order (Docket No. 9) and the reasons stated herein, this action is hereby <u>DISMISSED</u> in its entirety.

Finally, Fennick is prohibited from filing any further amended complaints or motions seeking relief from his housing difficulties that have been asserted in his pleadings.  Given Fennick's litigation history and the Order enjoining him, he is <u>WARNED</u> that violation of this Order may result in sanctions.

### III. CONCLUSION

Based on the foregoing, it is hereby ordered that:

1. Plaintiff's Emergency Motion to Amend (seeking to add two additional defendants)(Docket No. 11) is <u>DENIED</u>;

2. Plaintiff's request for additional time to show cause (contained in his Emergency Motion to Amend (Docket No. 11) is <u>DENIED</u>;

3. Plaintiff's Second Amended Complaint (Docket No. 12 and his Final Amended Complaint (Docket NO. 13) shall have no legal operative effect;

4. This action is <u>DISMISSED</u> in its entirety for lack of subject matter jurisdiction; and

5. Plaintiff is prohibited from filing any further amended complaints or motions seeking relief from his housing

```
          difficulties that previously have been asserted in his
          pleadings; he is WARNED that violation of this Order may
          result in sanctions.



SO ORDERED.                        /s/ Patti B. Saris
                                   UNITED STATES DISTRICT JUDGE
```